## UNITED STATES v. BERGENTHAL.[1]

*(District Court, E. D. Pennsylvania.   December 18, 1886.)*

INTERNAL REVENUE—BOND OF INDEMNITY—JUDGMENT.

The goods of A. were seized for a breach of the revenue laws.   He gave a bond conditioned to abide the judgment of the court, and pay the amount named therein, or the appraised value of the goods, upon condemnation.   He was convicted of the criminal offense which caused the seizure, and subsequently pardoned.   In a proceeding to condemn the goods, the pardon was pleaded as a full and sufficient answer to the claim.   This was denied, and a judgment of condemnation entered.   A. did not comply with the judgment of the court, and pay the amount of money required, and judgment was consequently entered upon the bond.   Defendant moved to open the judgment on the ground that the court erred in denying the sufficiency of the pardon.   *Held,* that that question could not be raised in a suit upon the bond, and that while the judgment of condemnation stands unsatisfied, the obligation to pay is absolute, and cannot be avoided.

*Sur* Motion to open judgment, and let the defendant into a defense.

*John K. Valentine*, U. S. Dist. Atty., for plaintiff.

*David W. Sellers*, for defendant.

BUTLER, J.   The object of the bond of the petitioner was the release of the property seized, and the substitution for it of the money secured. The condition of the bond is that the principal, Bergenthal, shall abide the judgment of the court, and, on condemnation of the property, shall forthwith pay the money secured by the bond, or the appraised value of the property condemned.   This condition was broken.   The property was condemned, and Bergenthal did not abide the judgment of the court, and pay the money required.   Judgment was consequently entered on the bond in pursuance of the authority accompanying it.   The petitioner now seeks relief, principally on the ground (in effect) that the property should not have been condemned; that the pardon granted Bergenthal for the criminal offense of which he was convicted in the state of Wisconsin (and on account of which the property was seized and the condemnation claimed) was a full and sufficient answer to the claim. This answer was, however, set up as a defense in the forfeiture proceedings, was fully considered by the court, and its sufficiency denied.   It is now urged that this decision was erroneous,—shown to be so by more recent decisions of the courts.   It would seem quite plain, however, that the question could not be raised in a suit upon the bond, and cannot, therefore, properly be considered in this application.   The remedy for such error, if it existed, was by review in the circuit court.   While the judgment of forfeiture stands unsatisfied, the petitioner's obligation to pay is absolute, and cannot be avoided.   The judgment cannot be attacked collaterally.

The alleged understanding and expectation with which the bond was signed, based upon conversations with the collector or others, could not

---

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

be heard as a defense to the bond, and consequently cannot be considered here. The petitioner was dealing with the government, and his contract is written in the bond. This contract can neither be diminished nor enlarged by anything that may have been said respecting its object or effect, or the subsequent disposition of the property or course of proceeding. Neither fraud nor mistake is alleged. The contract, as we have seen, requires payment on condemnation of the property, (no matter for what cause condemned,) and failure of Bergenthal to satisfy the judgment. The circumstance that the property released was immediately again seized for taxes due by Bergenthal elsewhere is not important. It was released in pursuance of the acts of the parties, and in consequence of the execution of the bond; but was immediately reseized on account of the indebtedness referred to, and applied to Bergenthal's relief in that respect. Of this seizure and application of the property neither Bergenthal nor the petitioner can complain. The petitioner's disappointment, from failure to obtain control of it, as he expected, no matter how the expectation arose, constitutes no answer to the government's claim on the bond.

The rule must be discharged.